■ In the Matter of SANTHA SONENBERG, Appellant, v JAMES FULLER, as Executive Secretary of the New York State Board of Law Examiners, et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court at Special Term (Connor, J.), entered May 3, 1985 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition on the ground that petitioner waived her right to commence said proceeding.

Petitioner passed the July 1983 District of Columbia Bar examination and, in the process, scored 136 scaled points on the multistate bar examination (MBE). Thereafter, she applied to take the February 1984 New York State bar examination. Pursuant to regulations of the New York State Board of Law Examiners (Board), petitioner had the option of taking both portions of the two-day examination, the MBE and New York law sections, or of "waiving in" her previous MBE test result at a reduced score of 132 points and taking only the New York portion of the examination. In choosing the latter course, petitioner signed a waiver which declared, in pertinent part: "I understand that I will be credited with a 132 scale score [on the MBE] by New York even though the score previously attained was 132 or higher".

Unfortunately, petitioner failed the February 1984 New York Bar examination by two points. She administratively appealed her score of 658, but was unsuccessful in having her mark on the New York section adjusted upwards. The instant CPLR article 78 proceeding was then commenced to require the Board to furnish her full credit for her July 1983 MBE score of 136 and to recalculate her New York score accord-

ingly. When Special Term granted respondents' motion to dismiss the petition, ruling that petitioner had waived her objections to respondents' policy regarding the crediting of prior MBE scores, this appeal ensued. We affirm.

Petitioner maintains that the Board's policy of reducing prior MBE scores to 132 violates her constitutional rights (due process and equal protection) to be accorded full credit for the actual MBE score achieved in July 1983. However, those alleged rights were surrendered with the voluntary and knowing execution of the agreement stipulating to a credit of 132 points. Such a waiver of even constitutional rights cannot be expunged or recalled unless it contravenes public policy (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184; *Matter of Abramovich v Board of Educ.*, 62 AD2d 252, 254, *affd* 46 NY2d 450, *cert denied* 444 US 845), and we perceive no public policy with which enforcement of that waiver conflicts.

Petitioner ignores the substantial benefit that she received by being allowed to bypass the MBE portion of the New York examination. While most applicants were required to prepare for both the MBE and the New York section, petitioner had to prepare only for the latter. She thus had the opportunity to devote all of her energy to the section dealing with New York law. For this privilege and advantage, she had agreed to accept reduced credit on her prior MBE score.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.